IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36273-2009

MARY I. JOHNSON,                   )
                                        )       **Boise, December 2010 Term**

         Plaintiff-Appellant,       )

                                          )       **2011 Opinion No. 11**

v.                                    )

                                        )       **Filed: February 2, 2011**

DENISE L. HOWARD,             )

                                         )       **Stephen W. Kenyon, Clerk**

         Defendant-Respondent.       )

                                         )

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. John P. Luster, District Judge.

The order of the district court is <u>affirmed</u>.

Kevin J. Waite, Coeur d'Alene, for appellant.

Denise L. Howard, Post Falls, for respondent.

_____

EISMANN, Chief Justice.

       This is an appeal from the district court's refusal to impose a civil contempt sanction. We uphold the court's determination that a civil contempt sanction could not be imposed for the contempt at issue.

## I. FACTS AND PROCEDURAL HISTORY

       On September 26, 1999, Eugene and Mary were married. Eugene Johnson later created a living trust, naming as beneficiaries his two daughters and his wife (Widow), who was his daughters' stepmother, and as successor trustee his daughter Denise (Trustee). Following Eugene's death, Widow and Trustee had a dispute over the amounts owed to Widow under the terms of the trust. On October 27, 2004, Widow filed a lawsuit against the daughters and the trust[1] seeking a declaratory judgment, and she filed a lis pendens against certain real property

_____

[1] "Under Idaho law, a trust is not a separate legal entity; rather, a trust is no being at all." *Indian Springs LLC v. Indian Springs Land Investment*, 147 Idaho 737, 745, 215 P.3d 457, 465 (2009).

that was subject to the trust. Eventually, the parties stipulated that Widow would release her lis pendens in exchange for Trustee setting aside $60,000 from the sale of the real property to satisfy any judgment Widow may eventually obtain.

Based upon the stipulation, on August 3, 2005, the district court entered an order stating: "The Defendants shall hold Sixty Thousand Dollars ($60,000) from the proceeds of sale of the real property described in the Lis Pendens. The terms [sic] shall be held pursuant to agreement between the parties to be available to the satisfaction of a successful claim of Plaintiff." Widow released her lis pendens, and Trustee sold the real property. On October 17, 2005, she deposited $60,000 into an account at a local bank and sent documentation to Widow showing she had done so.

About a year later, the parties reached a settlement agreement through their respective counsel. Widow was to be paid $60,000 in full settlement of her claims, but Trustee refused to pay over the funds, contending that she had not authorized her attorney to enter into the settlement. Widow filed a motion to enforce the settlement agreement, and after an evidentiary hearing the district court upheld it by a memorandum opinion entered on February 27, 2007.

Widow's counsel contacted the bank to obtain the funds, and the bank responded that the account had been closed on October 27, 2006. On June 13, 2008, Widow filed a motion seeking to have Trustee held in contempt for violating the August 3, 2005, order. Widow asked that Trustee be jailed until the $60,000 plus interest was either returned to the bank or paid to Widow. That motion was heard on January 15, 2009. Trustee testified that she withdrew the funds from the bank and distributed them with other assets when she settled the trust. The district court found her in contempt for violating the order and imposed a criminal contempt sanction of five days in jail to begin on January 16, 2009, at 5:00 p.m. It also ordered that Trustee could purge the contempt by tendering payment of the $60,000 before that date and time.[2]

Widow asked the court to impose a civil contempt sanction, but the court refused for two reasons. First, there was no evidence of Trustee's present ability to pay the $60,000. Second, a

---

[2] Although the court stated she could "purge" the contempt by paying the funds, in actuality it was a condition of probation. Contempt can be purged by doing what the contemnor had been ordered, but failed, to do. Trustee had not been ordered to *pay* the money. She had been ordered to *hold* it until the resolution of Widow's claims. Thus, the condition that she pay it was a condition of probation.

civil sanction of incarceration until she paid the money could not be imposed because the order was to preserve the funds, not to pay them. Widow then appealed.

## II. ISSUES ON APPEAL

A. Did the district court err in holding that it could not impose a civil contempt sanction?

B. Did the district court err by placing the burden of persuasion on Widow to prove that Trustee had the present ability to pay the $60,000?

C. Is Widow entitled to attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Holding that It Could Not Impose a Civil Contempt Sanction?

The order violated required Trustee to "hold Sixty Thousand Dollars ($60,000) from the proceeds of sale of the real property described in the Lis Pendens [so that it would be] available to the satisfaction of a successful claim of Plaintiff." Trustee did not violate the order by withdrawing the funds from the bank account. She was not ordered to keep the funds in the bank account. She was simply ordered to "hold" the money so that it would be available to satisfy any successful claim of Widow. On March 24, 2008, Widow obtained a judgment for $60,000, plus interest, based upon the settlement agreement. Trustee violated the court order when she distributed the money to the trust beneficiaries, rather than holding it so it would be available to satisfy Widow's successful claim.

Under the terms of the order violated, the district court could not have imposed a civil contempt sanction. Idaho Code § 7-611 provides, "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he has performed it . . . ." The contempt in this case was not the omission to perform an act. It was performing an act (disposing of the funds) that was prohibited by the terms of the order. "[I]f the [contemnor] does that which he has been commanded not to do, the disobedience is a thing accomplished. Imprisonment cannot undo or remedy what has been done . . . ." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911). The district court did not err when it held that it could not impose a civil contempt sanction.

3

**B.  Did the District Court Err by Placing the Burden of Persuasion on Widow to Prove that Trustee Had the Present Ability to Pay the $60,000?**

To impose a civil contempt sanction, the court must find that the contemnor has the present ability to do what he or she had been held in contempt for failing to do.  One of the grounds stated by the district court for not imposing a civil contempt sanction was that the evidence did not show that Trustee had the present ability to comply with the order.  With our decision on the first issue on appeal, this issue is moot.

**C.  Is Widow Entitled to Attorney Fees on Appeal?**

Widow seeks an award of attorney fees on appeal pursuant to Idaho Code § 12-121. Because she is not the prevailing party on this appeal, she cannot be awarded attorney fees under that statute.  *King v. King*, 137 Idaho 438, 445, 50 P.3d 453, 460 (2002).

## IV.  CONCLUSION

We affirm the order of the district court.  We award costs on appeal to respondent.

Justices BURDICK, J. JONES, W. JONES, and HORTON **CONCUR**.